```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,      :

      Plaintiff,              :

  v.                            :   Case No. 2:10-mj-0431

Gary A. Baird, Jr,             :   MAGISTRATE JUDGE KEMP

      Defendant.              :

<u>ORDER</u>

    The above defendant appeared before the Court for a preliminary hearing and a detention hearing on July 15, 2010. The United States presented evidence on both issues, and defendant presented no argument on the question of probable cause. The Court then found that probable cause existed with respect to the criminal charges contained in the complaint. For the following reasons, the defendant will now be detained without bond pending trial.

    Mr. Baird was charged with two different offenses related to images of child pornography found on his computer after the execution of a search warrant - the receipt of child pornography using any means of interstate commerce, in violation of 18 U.S.C. §2252(a)(2), and the possession of such child pornography, in violation of 18 U.S.C. §2252(a)(4)(B). The testimony of Immigrations and Customs Enforcement agent Justin Myers, who was present during the execution of a state search warrant for defendant's computer, and who has viewed many of the images and videos contained on that computer, provided ample justification for the finding that it is at least probable that defendant committed these two offenses. Agent Myers' testimony also supported the inference that these images were obtained through

use of a file-sharing program know as Limewire and that the images traveled by means of interstate commerce.  Although defendant did not concede that the Court's probable cause finding triggered a rebuttable presumption that he be detained during trial, based on the plain language of 18 U.S.C. §3142(e), the Court finds otherwise.  Thus, the United States' request for detention is evaluated under the following standard.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims, including violations of 18 U.S.C. §2252(a)(2).  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title... or an offense involving a minor victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

-2-

The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

    In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning

appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The Pretrial Services report indicates that defendant has lived in the central Ohio area most of his life, although he did spend several years in Puerto Rico as a child. He has not been employed for the last ten years, and although he claims he is disabled, he has not been successful in multiple attempts to obtain disability benefits. He has a short criminal record, most of which consists of traffic offenses. He lives in a duplex with his grandmother, mother, and 14-year-old son. He also has another child in Columbus, who lives with defendant's girlfriend. If released, he could reside in his mother's side of the duplex and be subject to electronic monitoring.

Agent Myers testified about a number of matters relating to detention. He told the Court that defendant was attempting to delete files when law enforcement officials approached his house in order to execute the search warrant, that he had a camera system that allowed him to see them approaching, and that he locked himself in his bedroom when they entered the house and would not come out voluntarily. When agents arrested him at his girlfriend's house on July 8, 2010, he refused for a long time to come out of the house voluntarily. He admitted to the possession of the child pornography on his computer. He had a number of other storage media that contained pornography. Defendant admitted to once taking nude photographs of a young female child whom he was babysitting, although Agent Myers stated that those pictures were not pornographic and defendant claimed they were

taken with the child's parents' knowledge or permission. Those images were also on defendant's computer. Defendant had been accused of sexually assaulting that child's older sister and showing pornography to her brother, although he was never charged with any criminal offenses based on those accusations. Agent Myers also related a fourth-hand hearsay statement about defendant's supposed plan to flee to Mexico and then to Puerto Rico if he were released. Finally, on cross-examination, Agent Myers acknowledged that defendant was arrested on state charges on the day that the search warrant was executed (June 25, 2010), released on bond the next day, and not re-arrested until July 8, 2010, and that in that interval there is no evidence that he committed any new crimes or attempted to flee.

The Court gives no weight to the attenuated comment that Mr. Baird may flee to Puerto Rico if released. It gives some weight to the complaints lodged against him in 2007, primarily with respect to the pictures taken, which are troubling in light of his possession of a large amount of child pornography. His lack of a significant criminal history and his family ties to this area are factors in his favor. Overall, however, the Court concludes that he has not rebutted the presumption in favor of detention.

Mr. Baird is facing a lengthy sentence if convicted. His possession of almost 200 separate images or videos of child pornography show a pattern of criminal violations. His efforts to delete files or to delay apprehension show some disregard for authority. The evidence against him is strong. While this is a close case, the Court is persuaded that there are no conditions of release which would adequately guard against his resumption of criminal activity, the risk he may pose to others, or the potential for non-appearance. He does not have any employment to return to, and the home environment proposed is essentially the

same environment where the crimes were committed.  Consequently, the Court grants the United States' request for detention and detains the defendant without bond pending trial.

The defendant is advised of his right to seek review of this detention order pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge
